**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| WILLIAM T. OBEID, directly and derivatively on behalf<br>of GEMINI REAL ESTATE ADVISORS LLC, et al.<br><br>                                   Plaintiff,<br><br>    v.<br><br>CHRISTOPHER LA MACK and DANTE MASSARO<br><br>                                  Defendants,<br><br>    and<br><br>GEMINI REAL ESTATE ADVISORS LLC, et al.,<br><br>                             Nominal Defendants. |

No. 14 CIV. 6498

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS OR TO STAY THE ACTION

Noreen A. Kelly-Dynega
MCGUIREWOODS LLP
1345 Avenue of the Americas
7th Floor
New York, NY 10105-0106
212.548.7025 (Direct Line)
212.715.6290 (Fax)
nkelly-dynega@mcguirewoods.com
*Attorneys for Defendants Dante Massaro and Christopher La Mack*

## **TABLE OF CONTENTS**

**Page**

I.  PRELIMINARY STATEMENT ........................................................................ 1

II.  FACTS ....................................................................................................... 1

    A.  Background on the Parties' Dispute .......................................... 1

    B.  The North Carolina Lawsuit .................................................... 2

    C.  The New York Lawsuit............................................................. 4

III.  ARGUMENT .............................................................................................. 5

    A.  The Court should dismiss Plaintiff's Complaint because Mr. La Mack and Mr. Massaro filed the North Carolina Action well in advance of Mr. Obeid filing the New York Action. ................................. 5

    B.  The balance of convenience weighs in favor of dismissing this action in favor of the first-filed North Carolina Action, and no special circumstances exist justifying giving priority to the second-filed New York Action.............................................................. 8

        1.  Mr. Obeid cannot demonstrate that there is a balance of convenience in favor of the New York Action ............................ 9

        2.  Mr. Obeid cannot demonstrate circumstances that justify giving priority to the second-filed New York Action.................. 11

IV.  CONCLUSION.......................................................................................... 12

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Caspian Investments, Ltd. v. Vicom Holdings, Ltd.*, 770 F. Supp. 880 (S.D.N.Y. 1991) ...............6

*City of New York v. Exxon Corp.*, 932 F.2d 1020 (2d Cir. 1991) ....................................6

*Emplrs. Ins. v. Fox Entm't Group, Inc.*, 522 F.3d 271 (2d Cir. 2008)..........................................11

*Everest Capital Ltd. v. Everest Funds Mgmt., LLC*, 178 F. Supp. 2d 459
(S.D.N.Y. 2002) ...................................................................................................6, 7, 9, 12

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) ...............................................................6

*Merial LTD v. Cipla Ltd.*, 681 F.3d 1283 (Fed. Cir. 2012)) ...........................................6

*Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49 (S.D.N.Y. 2001)....................................6, 9

*Riggs v. Johnson County*, 73 U.S. (6 Wall.) 166 (1868) ...........................................5

*Silver Line Bldg. Prods., LLC v. J Channel Indus. Corp.*, 2014 U.S. Dist. LEXIS 39749,
(E.D.N.Y. Mar. 24, 2014) ....................................................................................6

*SST Global Tech., LLC v. Chapman*, 270 F. Supp. 2d 444 (S.D.N.Y. 2003) ................5

*Williamson Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177 (2d Cir. 1969)............................8

**RULES**

FED. R. CIV. P. 12(b)(3) ..................................................................................1

Defendants Christopher La Mack and Dante A. Massaro ("Mr. La Mack" and "Mr. Massaro" or, collectively, "Defendants"), by and through undersigned counsel, respectfully submit this Memorandum in Support of their Motion to Dismiss pursuant to Rule 12(b)(3) because this action is duplicative of a pending lawsuit previously filed in another jurisdiction. In the alternative, Defendants ask that this Court stay Plaintiff's case pending the outcome of that lawsuit.

## I.   PRELIMINARY STATEMENT

Plaintiff William T. Obeid ("Plaintiff" or "Mr. Obeid") filed this lawsuit over six weeks after Mr. La Mack and Mr. Massaro filed a lawsuit concerning the same dispute in North Carolina state court.  Both lawsuits arise out of Mr. Obeid's attempts to control Gemini Real Estate Advisors, LLC ("Gemini") despite owning only a one-third interest in the company. Pursuant to clear Second Circuit precedent, where an action is brought in one court and a later action embracing the same issues is brought in another court, the second court should dismiss or enjoin the prosecution of the second action unless the plaintiff in the second action meets his substantial burden of demonstrating that an exception to the first-filed rule exists.  Because Mr. La Mack and Mr. Massaro were the first to file their complaint, and no exception to the first-filed rule exists, the Court should dismiss or stay Mr. Obeid's lawsuit before this court.

## II.   FACTS

### A.      Background on the Parties' Dispute

Defendants and Plaintiff formed Gemini in April 2003 to acquire, own, operate, improve, manage, and dispose of commercial real estate.  Messrs. Obeid, Massaro and La Mack are each

Members of Gemini holding one-third membership interests in the Company.[1]   At or about the same time that Gemini was formed, Messrs. Obeid, Massaro and La Mack entered into an Operating Agreement to regulate Gemini's governance.[2]

Mr. Obeid served as President and Operating Manager up until July 1, 2014 at which time a shareholder's meeting was held at Mr. Obeid's insistence.[3]   At this meeting, Mr. Obeid brought his New York litigation counsel from the firm of Boies, Schiller & Flexner and demanded that Messrs. Massaro and La Mack provide him with a business divorce proposal.[4] They refused to respond to these pressure tactics and instead voted to remove Mr. Obeid as President and Operating Manager due to his ongoing misconduct.[5]   Mr. Massaro was elected to replace Mr. Obeid as President and Operating Manager of Gemini (having previously served as Vice President of the Company).[6]

**B.      The North Carolina Lawsuit**

On July 1, 2014, shortly after the Board meeting concluded, Mr. La Mack and Mr. Massaro filed a lawsuit against Mr. Obeid in the Superior Court for Mecklenburg County, North Carolina (the "North Carolina Lawsuit" or the "North Carolina Complaint") for the purposes stopping Mr. Obeid from acting unilaterally on behalf of Gemini and in his own self-interest.[7] The North Carolina Lawsuit was later referred to the North Carolina Business Court with North Carolina Business Court Judge Louis Bledsoe assigned to the case.  After becoming aware of the North Carolina Lawsuit, Mr. Obeid filed this action on August 14, 2014, and filed a Verified Amended Complaint on August 22, 2014 (collectively, the "New York Lawsuit" or the "New

---

[1] Declaration of Dante A. Massaro (hereinafter "Massaro Decl.") ¶ 2.
[2] *Id.*
[3] *Id.* ¶ 6.
[4] *Id.*
[5] *Id.* ¶ 7.
[6] *Id.* ¶ 5.
[7] *See* Declaration of Noreen A. Kelly-Dynega (hereinafter "Kelly-Dynega Decl.") Exh. A [N.C. Compl.].

York Complaint"). *See* (Compl. ¶ 79) (Dkt. No. 1) (explicitly referring to the North Carolina Lawsuit); (Am. Compl. ¶ 79) (Dkt. No. 3) (explicitly referring to the North Carolina Lawsuit). The claims alleged in the two lawsuits arise from the same operative facts and circumstances and concern the same subject matter—namely, whether Plaintiff or Defendants rightfully control Gemini Real Estate Advisors, LLC and the related Gemini entities and whether any of the Gemini owners have breached their fiduciary duties.

The North Carolina Complaint alleges that, following his appointment as Operating Manager, Mr. Obeid engaged in numerous acts in violation of Gemini's Amended Operating Agreement and his fiduciary duties to the company.  Mr. Obeid unilaterally caused Gemini to enter into business deals without seeking or obtaining Mr. La Mack's or Mr. Massaro's input or approval, wilfully and purposely kept Mr. La Mack and Mr. Massaro completely unaware of such business deals, and hired and fired employees of Gemini, including senior managers, without informing, consulting or obtaining the approval of the majority of Gemini's member-managers.  Mr. La Mack and Mr. Massaro assert both direct and derivative claims for breach of Gemini's Amended Operating Agreement, breach of fiduciary duty, conversion, negligent misrepresentation, and unjust enrichment for which they seek injunctive relief and damages from Mr. Obeid.

Mr. Obeid and his counsel have acknowledged the North Carolina Lawsuit and have communicated with Mr. La Mack and Mr. Massaro's North Carolina counsel prior to filing the New York Lawsuit.  (Am. Compl. ¶ 80.)  Additionally since filing the North Carolina Complaint, Plaintiffs in the North Carolina Lawsuit have made extensive efforts to serve Defendant Obeid.  Mr. La Mack and Mr. Massaro's process server spent hours attempting service of process, making no fewer than nine attempts to serve Mr. Obeid both at his home and

business addresses.  Finally, Mr. La Mack and Mr. Massaro succeeded in serving the North

Carolina Complaint on Mr. Obeid on August 20, 2014.[8]

On August 22, 2014, Mr. La Mack and Mr. Massaro moved for a temporary restraining

order against Mr. Obeid in the North Carolina Lawsuit and on August 25, 2014, Mr. La Mack

and Mr. Massaro moved for a preliminary injunction against Mr. Obeid in the North Carolina

Lawsuit to prevent him from interfering with Gemini's business deals, holding himself out as the

sole owner, manager, or executive of Gemini; and stating or implying that Mr. La Mack and Mr.

Massaro are not members and managers of Gemini, duly authorized to represent the company.[9]

The hearing on Mr. Le Mack and Mr. Massaro's motion for temporary restraining order has been

set for hearing on August 28, 2014.[10]

### C.    The New York Lawsuit

More than six weeks after Mr. La Mack and Mr. Massaro filed the North Carolina

Complaint and well after Mr. Obeid and his New York counsel acknowledged the filing of the

North Carolina Lawsuit, Plaintiff filed the New York Complaint New York Complaint in a clear

attempt to create illegitimate leverage in the parties' ongoing dispute.  The New York Complaint

alleges that Mr. La Mack and Mr. Massaro harmed Gemini by acting in their own interests, have

attempted to "seize control of Gemini," and do not represent Gemini and thus do not have the

right to use Gemini's trademarks.  Like Mr. La Mack and Mr. Massaro, Mr. Obeid asserts direct

and derivative causes of actions, asserting claims for breach of fiduciary duty, trademark

infringement, unfair competition, and breach of Gemini's Amended Operating Agreement.  Mr.

---

[8] *Id*. Exh. B [Affidavit of Service].
[9] *Id*. Exh. C [N.C. Mot. for Temp. Restraining Order & Mem. in Supp.]; *id*. Exh. D [N.C. Mot. for Preliminary Injunction Order & Mem. in Supp.].
[10] *Id*. Exh. E [N.C. Notice of Hearing].

Obeid seeks monetary and injunctive relief.  Mr. Obeid served the Original Complaint on Mr. La Mack and Mr. Massaro on August 15, 2014.

On August 22, 2014, Mr. Obeid's counsel e-mailed Defendants' North Carolina counsel unfiled, draft documents relating to an Amended Verified Complaint and Motion for Temporary Restraining Order and Preliminary Injunction.[11]  Neither Mr. La Mack and Mr. Massaro nor their counsel in the New York and North Carolina Actions have been served with filed versions of these documents, and have not consented to service via e-mail to counsel.  Furthermore, the documents relating to Mr. Obeid's Motion for Temporary Restraining Order and Preliminary Injunction do not appear on Pacer.  According to his draft Motion documents, Mr. Obeid intends to seek to enjoin Mr. La Mack and Mr. Massaro from using the "Gemini" name in connection with business deals Mr. La Mack and Mr. Massaro negotiated on behalf of Gemini.  Defendants' counsel responded to Plaintiff's Counsel on August 25, 2014 with regard to the various deficiencies associated with Plaintiff's intended Motion.[12]

## III.   ARGUMENT

### A.   The Court should dismiss Plaintiff's Complaint because Mr. La Mack and Mr. Massaro filed the North Carolina Action well in advance of Mr. Obeid filing the New York Action.

"[W]here there are two competing lawsuits, the first suit should have priority."  *SST Global Tech., LLC v. Chapman*, 270 F. Supp. 2d 444, 455 (S.D.N.Y. 2003) (citations and quotations omitted); *see also Riggs v. Johnson County*, 73 U.S. (6 Wall.) 166, 196 (1868) (holding that "the court that first obtains possession of the controversy, or of the property in dispute, must be allowed to dispose of it without interference or interruption from the co-ordinate court").  The "first filed" rule states that where an action is brought in one court and a later action

---

[11] *Id*. Exh. F [Aug. 22, 2014 E-mail from M. Ayala to R. Muckenfuss and attachments thereto].
[12] *Id*. Exh. G [Aug. 25, 2014 E-mail from R. Muckenfuss to T. Normand and M. Ayala].

"embracing the same issue" is brought in another court, the second court should "enjoin the prosecution of the second action . . . unless there are special circumstances which justify giving priority to the second action. *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991) (internal quotations and citations omitted). However, "parties and claims need not be identical in order for one action to be stayed or dismissed in deference to an earlier action." *Caspian Investments, Ltd. v. Vicom Holdings, Ltd.*, 770 F. Supp. 880, 884 (S.D.N.Y. 1991) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936))

"The first-filed rule seeks to advance judicial economy, protect a plaintiff's choice of forum and avoid duplicative litigation." *Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 54 (S.D.N.Y. 2001) (Swain, J.); *see also Silver Line Bldg. Prods., LLC v. J Channel Indus. Corp.*, 2014 U.S. Dist. LEXIS 39749, at *6–7 (E.D.N.Y. Mar. 24, 2014). "'The 'first-to-file' rule is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency, that generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions.'" (quoting *Merial LTD v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012)).

"Generally, there is a strong presumption in favor of the forum of the first-filed suit. The party opposing application of the first-filed doctrine has the burden to show that special circumstances justify an exception." *Reliance Ins. Co.*, 155 F. Supp. 2d at 54. In applying the rule, it is the date a lawsuit is first filed, not the date it is served, that controls the analysis. *See Everest Capital Ltd. v. Everest Funds Mgmt., LLC*, 178 F. Supp. 2d 459, 464 (S.D.N.Y. 2002) (Swain, J.) (holding that Nebraska suit was first filed and that New York proceedings should be stayed despite the fact that the Nebraska suit had not been served).

Here, Mr. La Mack and Mr. Massaro filed the North Carolina Complaint on July 1, 2014. Mr. Obeid did not file the New York Complaint until over six weeks later, on August 14, 2014. Mr. Obeid had actual notice of the North Carolina Complaint prior to initiating the New York Action, and he acknowledges as much by citing to the North Carolina Lawsuit in the New York Complaint and having his counsel communicate with Defendants' North Carolina counsel prior to filing the New York Lawsuit.  *See* Compl. ¶ 79 (explicitly referring to the North Carolina Lawsuit).[13]

Furthermore, the relevant facts and claims alleged in the two lawsuits are virtually identical.  Both arise out of a dispute over the parties' respective rights to control Gemini.  Both contain causes of action for breach of fiduciary duty and breach of Gemini's Amended Operating Agreement.  While the New York Complaint contains a trademark infringement claim based on allegations that Mr. La Mack and Mr. Massaro do not represent Gemini and have created an entity called Gemini Commercial Realty LLC without authorization, the North Carolina Complaint contains a negligent misrepresentation claim based on similar allegations that Mr. Obeid wrongfully sought to wrest control of Gemini from Mr. La Mack and Mr. Massaro.

In his New York Complaint and Motion for Temporary Restraining Order, Mr. Obeid claims that the defendants have failed to restructure the company as promised and have used the Gemini name for their own self-interest.   In the North Carolina Complaint and Motion for Temporary Restraining Order, Mr. La Mack and Mr. Massaro allege that Mr. Obeid has breached fiduciary duties by attempting to control the company and acting in his own self-interest and that he has interfered with Gemini's creditors and lenders in an attempt to disrupt the company and

---

[13] This Court has already determined that the date of filing of the complaint—not the date of service of the complaint—is the determinative analysis under the first-to-file rule.  *See Everest Capital*, 178 F. Supp. 2d at 464 (rejecting argument that failure to serve lawsuit precludes it from being first filed).

gain leverage to obtain the restructuring deal to which he claims that he is entitled.[14]   Gemini's President and Operating Manager Dante Massaro provided an affidavit in the North Carolina Lawsuit to support the Motion for Temporary Restraining Order, which relates to the same issues and facts that Mr. Obeid raises in the New York Action.   The North Carolina Court will be deciding whether Mr. Obeid should cease interfering with Gemini's business deals and creditors.

For example, in his New York Action, Mr. Obeid complains about a deal Mr. La Mack and Mr. Massaro are pursuing with Asheville Savings Bank.   In an effort to interfere with this legitimate Gemini project, Mr. Obeid and his New York counsel contacted representatives of the bank to intimidate them and interfere with the transaction.   Plaintiffs in the North Carolina Lawsuit are seeking to enjoin Mr. Obeid from further interfering with this transaction.   Mr. Obeid has raised this same issue in his pleadings before this Court.   In short, the basis for both lawsuits is the question of who properly controls Gemini.

Because the North Carolina Lawsuit was filed over six weeks prior to the New York Lawsuit, and relates to the same dispute as that being addressed by this Court, the Court should dismiss the New York Complaint or, in the alternative, stay the proceedings pending resolution of the North Carolina Lawsuit.

**B.**   **The balance of convenience weighs in favor of dismissing this action in favor of the first-filed North Carolina Action, and no special circumstances exist justifying giving priority to the second-filed New York Action.**

"The general rule in this Circuit is that, as a principle of sound judicial administration, the first suit should have priority, absent the showing of balance of convenience in favor of the second action or unless there are special circumstances which justify giving priority to the second."   *Williamson Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 178 (2d Cir. 1969).

---

[14] Kelly-Dynega Decl. Exh. A [N.C. Compl.] ¶¶ 49–55; *id.* Exh. C [N.C. Mot. for Temp. Restraining Order & Mem. in Supp.].

8

Mr. Obeid bears the burden to demonstrate to this Court that such circumstances justify an exception to the first to file rule that would allow the New York Action to proceed. *Reliance Ins. Co.*, 155 F. Supp. 2d at 54. Mr. Obeid cannot demonstrate that such an exception exists in this matter.

> 1. *Mr. Obeid cannot demonstrate that there is a balance of convenience in favor of the New York Action.*

In analyzing the balance of convenience of the parties, the Court considers the following factors:

(1) the convenience of the witnesses;
(2) the location of relevant documents and the relative ease of access to sources of proof;
(3) the convenience of the parties;
(4) the locus of the operative facts;
(5) the availability of process to compel attendance of unwilling witnesses;
(6) the relative means of the parties;
(7) a forum's familiarity with the governing law;
(8) the weight accorded a plaintiff's choice of forum; and
(9) trial efficiency and the interests of justice based on the totality of the circumstances.

*Everest Capital*, 178 F. Supp. 2d at 465 (citing *Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 56 (S.D.N.Y. 2001)).

Here, the balance of the factors weighs strongly in favor of dismissing or staying this case in favor of the North Carolina Lawsuit. The primary witnesses are the parties themselves, two out of three of whom reside in Mecklenburg County, North Carolina, a fact acknowledged in Mr. Obeid's Complaint. (Am. Compl. ¶¶ 34–35.) For the same reason, the North Carolina forum is more convenient for a majority of the parties. The amount of travel required of the parties and their attorneys would double if the litigation remains before this Court. Gemini maintains offices in both New York and North Carolina; thus, the location of relevant documents does not weigh strongly in either direction. However, the projects giving rise to the lawsuits and related

motions—for example, the Asheville Savings Bank issue addressed in Plaintiff's draft Motion—are all located in the Southeast, many of them in North Carolina, South Carolina, and Tennessee. (*Id*. ¶ 68; Plaintiff's Draft Motion at 27).

Delaware law governs Gemini's Amended Operating Agreement. Both this Court and the North Carolina Court are equally familiar with Delaware law. Furthermore, North Carolina law applies to the majority of Mr. La Mack and Mr. Massaro's claims and that the motions for temporary restraining order pending in both the North Carolina Action and the New York Action involve evidence and witnesses in North Carolina. Thus, to the extent this Court considers governing law in its analysis, this factor weighs in favor of adjudication in North Carolina. Furthermore, the need to apply New York law is counterbalanced by the fact that North Carolina law applies to the majority of Mr. La Mack and Mr. Massaro's claims and that the motions for temporary restraining order pending in both the North Carolina Action and the New York Action involve evidence and witnesses in North Carolina.

In addition, allowing this case to proceed risks inconsistent judgments because the North Carolina Lawsuit has progressed equally far as this one, and Mr. Obeid has not moved to dismiss that case. Finally, the weight accorded the Plaintiff's choice of forum favors the Defendants in this action "because, although they are named as defendants in this action, for purposes of this analysis they are the true plaintiffs in interest because . . . the suit commenced in [North Carolina] . . . ." *Everest Capital*, 178 F. Supp. 2d at 469.

In sum, the balance of convenience and interests of justice weigh in favor of transfer of this action to North Carolina. Therefore, the totality of the circumstances does not favor overriding the rule that the first-filed action takes precedence over any subsequently filed actions.

> 2. *Mr. Obeid cannot demonstrate circumstances that justify giving priority to the second-filed New York Action.*

"Given the centrality of the balance of convenience, the 'special circumstances' in which a district court may dismiss the first-filed case without this analysis are quite rare." *Emprs. Ins. v. Fox Entm't Group, Inc.*, 522 F.3d 271, 275–76 (2d Cir. 2008). "The special circumstances justifying an exception to the rule exist only where the first suit constitutes an improper anticipatory declaratory action or was motivated solely by forum shopping." *Id*. at 275. "[I]n order for a declaratory judgment action to be anticipatory, it must be filed in response to a direct threat of litigation that gives specific warnings as to deadlines and subsequent legal action." *Id*. at 276.

> Another special circumstance is where forum shopping alone motivated the choice of the situs for the first suit. This does not mean that any evidence of forum shopping will suffice. Any lawyer who files a case on behalf of a client must consider which of the available for a might yield some advantage to his client, and thus, to that degree, engages in "forum shopping." Rather, the first-filing plaintiff must engage in some manipulative or deceptive behavior, or the ties between the litigation and the first forum must be so tenuous or *de minimis* that a full "balance of convenience" analysis would not be necessary to determine that the second forum is more appropriate than the first.

*Id*. (internal quotations and citations omitted).

An analysis of the face of the North Carolina Complaint demonstrates that it is not an improper anticipatory declaratory judgment action, and instead contains substantive claims relating to Mr. Obeid's multiple breaches of his fiduciary duties. Furthermore, according to Mr. Obeid's own verified Amended Complaint, he did not provide any direct threat of litigation that gave specific warnings as to deadlines and subsequent legal action. Rather, he alleges that Mr. La Mack and Mr. Massaro filed the North Carolina Action without warning as an attempt to exert leverage against him. (Am. Compl. ¶ 79.) Finally, there is no evidence that Mr. La Mack and Mr. Massaro's choice of North Carolina Superior Court as the situs for the first suit was

motivated by forum shopping.  "Forum shopping occurs when a litigant selects a forum with only a slight connection to the factual circumstances of his action, or where forum shopping alone motivated the choice."  *See Everest Capital Ltd. v. Everest Funds Mgmt.*, LLC, 178 F. Supp. 2d 459, 464 (S.D.N.Y. 2002) (Swain, J.).  As discussed in detail above, there is a substantial connection to the North Carolina forum—namely two of the three parties to the North Carolina Action and the New York Action are located in North Carolina.  In fact, by initiating a second-filed lawsuit in New York wherein the two defendants are North Carolina residents and seventeen of the twenty-five nominal defendants are North Carolina residents, it is Mr. Obeid who is attempting to engage in impermissible forum shopping.

Mr. Obeid has not and cannot meet his burden of establishing that the balance of convenience or special circumstances justify giving priority to the second-filed New York Action over the first-filed North Carolina Action.

IV.  **CONCLUSION**

For the reasons stated above, Defendants respectfully request that the Court grant their Motion to Dismiss or to Stay the Action and provide any further relief the Court deems proper.

This the 25th day of August, 2014.

/s/ Noreen A. Kelly-Dynega

Noreen A. Kelly-Dynega
MCGUIREWOODS LLP
1345 Avenue of the Americas
7th Floor
New York, NY 10105-0106
212.548.7025 (Direct Line)
212.715.6290 (Fax)
nkelly-dynega@mcguirewoods.com
*Attorneys for Defendants Dante Massaro and Christopher La Mack*