```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK

In re:                                 :
                                              Docket #14cv6498
OBEID,                                 :

               Plaintiff,              :

   - against -                         :

LA MACK, et al.,                       :  New York, New York
                                          October 31, 2014
               Defendants.             :

--------------------------------------- :

                       PROCEEDINGS BEFORE
              THE HONORABLE LAURA TAYLOR SWAIN
               UNITED STATES DISTRICT COURT JUDGE

APPEARANCES:

For the Plaintiffs:      BOIES, SCHILLER & FLEXNER, LLP
                         BY:  MARc AYALA, ESQ.
                              EDWARD NORMAND, ESQ.
                         333 Main Street
                         Armonk, New York  10504


For the Defendants:      MCGUIRE WOODS, LLP
                         BY:  NOREEN KELLY-DYNEGA, ESQ.
                         1345 Avenue of the Americas, 7th Floor
                         New York, New York  10105




Transcription Service:  Carole Ludwig, Transcription Services
                        141 East Third Street #3E
                        New York, New York 10009
                        Phone:  (212) 420-0771
                        Fax:  (212) 420-6007

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.
```

**INDEX**

**E X A M I N A T I O N S**

| Witness | Direct | Cross | Re-Direct | Re-Cross |
|---------|--------|-------|-----------|----------|
| None    |        |       |           |          |

**E X H I B I T S**

| Exhibit Number | Description | ID | In | Voir Dire |
|----------------|-------------|----|----|-----------|
| None           |             |    |    |           |

```
                                                              3
 1
 2          THE CLERK:  This is William Obeid versus Christopher
 3   La Mack, et al., 14cv6498.
 4          HONORABLE LAURA TAYLOR SWAIN (THE COURT):  For the
 5   benefit of the audio record, I'm Judge Swain speaking,
 6   counsel, would you be good enough to introduce yourselves by
 7   stating your appearances.
 8          MR. MARC AYALA:  Marc Ayala with Boies, Schiller &
 9   Flexner on behalf of plaintiff William T. Obeid.
10          MR. TED NORMAND:  Ted Normand from Boies Schiller,
11   same party.
12          THE COURT:  Good afternoon, Mr. Ayala and Mr.
13   Normand.
14          MS. NOREEN KELLY-DYNEGA:  Good afternoon, Your
15   Honor, Noreen Kelly-Dynega with McGuire Woods for the
16   defendants.
17          THE COURT:  Good afternoon, Ms. Kelly-Dynega.  So
18   I'd first like to address the defendant's motion to dismiss or
19   for extension. I've reviewed thoroughly all of the parties
20   submissions. In core the defendant contends that the
21   plaintiff's trademark cause of action is meritless and that
22   federal subjection, federal question subject matter
23   jurisdiction is therefore lacking and of necessity and
24   sufficient to support supplemental jurisdiction and the
25   defense makes the further arguments that diversity
```

                                                                   4

jurisdiction is lacking and that if I find there to be
jurisdiction, I ought to abstain in exercise of my discretion
in favor of the North Carolina litigation.  I've considered
all of these arguments carefully, the motion to dismiss or for
abstention is denied.  Where there is n asserted basis for
subject matter jurisdiction, that's also an element of the
asserted federal cause of action.  The Court limits its
inquiry to whether the complaint on its face is sufficient so
as to seek recovery under the federal law or constitution in
that case, which is the case here, then the Court finds
subject matter jurisdiction and reserves further scrutiny for
an inquiry on the merits. And I refer you to the Second
Circuits decision in <u>Nowak v. Ironworkers Local 6 Pension
Fund</u>, 81 F3d 1182 at 1189 (2d Cir. 1996).  I find that in
light of the presence of federal subject matter jurisdiction
and the relationship of the claims inter se in this case that
supplemental jurisdiction is properly exercised of the non-
federal claims in this case.  I find it unnecessary to address
the diversity jurisdiction point since I have found subject,
federal question subject matter jurisdiction and supplemental
jurisdiction. I decline to exercise the Court's power to
abstain, the Colorado River abstention doctrine is a doctrine
that applies in exceptional cases, normally it is the
unflagging obligation of a federal court to exercise its

```
                                                                  5
 1
 2   jurisdiction.  The defendants have not demonstrated that the
 3   circumstances of the incident case are sufficiently concurrent
 4   or parallel with the North Carolina action to render
 5   abstention appropriate.  For example, the trademark claim is
 6   not one that has been raised in the North Carolina action.
 7   Accordingly, the defendant's motion to dismiss is denied in
 8   its entirety and the motion is also denied insofar as it seeks
 9   abstention or a stay of this case pending resolution of the
10   North Carolina action, and will enter an order saying that for
11   the reasons stated on the record the motion is denied.
12             So now let us turn to the initial conference.  You
13   indicate in your response to my question as to the status of
14   settlement that you've engaged in settlement discussions but
15   it failed to reach a settlement. I don't want to know the
16   particulars of positions, I do want a little more insight into
17   the dynamic. Are you still in the process of discussions and
18   would you be willing to continue those discussions now with
19   the magistrate judge or in the mediation program?
20             MR. AYALA:  Your Honor, we are continuing to have
21   those discussions and are working in earnest to see whether
22   they have a likelihood of producing a settlement for the
23   parties.  And we plan to have further communications in the
24   next couple of weeks and should have an idea by then of
25   whether this is likely to settle or not.
```

```
                                                                  6
 1
 2              THE COURT:  Thank you.  Ms. Kelly-Dynega?
 3              MS. KELLY-DYNEGA:  Yes, Your Honor, agreed, we are
 4   in the midst of discussions and think it's a little
 5   preliminary to go to the magistrate or a mediation program in
 6   the hopes that we can resolve it on our own.
 7              THE COURT:  All right.  What I'd like to do, and I
 8   appreciate your candor about that, I'd like to include -- tell
 9   them to call back at 12:35, please.  That's the 12:30
10   conference.  Our normal courtroom deputy is out today so we're
11   making our way with the equipment, so we may have a couple of
12   interruptions.
13              Anyway, I include an outside deadline to begin
14   working with, I'll frankly call it the Magistrate Judge for
15   now, in the scheduling order, just so that settlement stays on
16   the radar. And so given what you've said, I would be inclined
17   to put that deadline at the end of January or the end of
18   February, do you have a preference?
19              MR. AYALA:  We would prefer the end of January, Your
20   Honor.
21              MS. KELLY-DYNEGA:  The end of January is fine, Your
22   Honor.
23              THE COURT:  Very well, I will include that in the
24   scheduling order.  Now as to the deadline for applications to
25   amend pleadings or add parties, I'll give you December 31
```

```
 1                                                              7
 2   because I want all known claims, defenses, and parties to be
 3   identified early in the discovery process.  And let's see, the
 4   26(A)(1) deadline I would make November 14 unless there's a
 5   reason that one side or the other needs more time?
 6              MR. AYALA:  No objection, Your Honor.
 7              THE COURT:  Okay.  I'll be incorporating these
 8   deadlines into a scheduling order that I'll type up in a
 9   minute and I'll give you conformed copies, and of course it
10   will be posted on ECF.  I see that you've agreed that the
11   discovery taken here would be deemed taken both in this action
12   and the North Carolina action, can I assume that the principle
13   works the other way, as well, that anything taken in the North
14   Carolina action would be deemed taken here?
15              MR. AYALA:  Yes, Your Honor.
16              MS. KELLY-DYNEGA:  Yes, Your Honor.
17              THE COURT:  And is there any objection to my
18   including a statement to that effect in this scheduling order?
19              MR. AYALA:  None.
20              MS. KELLY-DYNEGA:  No objection.
21              THE COURT:  All right.  And I'm adopting the fact
22   discovery deadline of June 30 and I will give you the August
23   30 expert deadline with the provision that initial reports are
24   due 60 days before that deadline and rebuttal reports are due
25   30 days before that deadline.  And I'll type up the scheduling
```

```
 1                                                                8
 2  order in a moment, is there anything else that you'd like to
 3  discuss specifically before I start working on that order?
 4              MR. AYALA:  No, Your Honor, thanks.
 5              MS. KELLY-DYNEGA:  No, Your Honor.
 6              THE COURT:  Thank you.  I'm giving you October 2 as
 7  the deadline for the commencement of any dispositive motion
 8  practice.  And December 4, 2015, at 10:30 in the morning as
 9  your final pretrial conference date which is essentially a
10  trial ready date.  So in section 12 of the order which is
11  captioned "other matters," I've written "the parties must make
12  their FRCP 26(A)(1) disclosures by November 14, 2014, the
13  parties must begin meeting with Judge Dolinger for settlement
14  purposes by January 30, 2015, and all discovery shall be
15  deemed taken in both this action and the North Carolina
16  action."  So I will print signature and conformed copies of
17  this and then I'll prepare the order of reference.  I'm making
18  the reference to Judge Dolinger one for general pretrial
19  management so if you have discovery disputes or scheduling
20  issues, or anything else nondispositive you can manage those
21  with him and not run back and forth between the two of us.
22              And so Mr. Ayala and Normand, I would be grateful if
23  someone from your firm would call Judge Dolinger early next
24  week to request a settlement conference date in that late
25  January timeframe so that you can be on his calendar and we'll
```

```
                                                              9
 drop him a note this afternoon to let him know to expect that
 call next week.
           MR. AYALA:  We'll do so, Your Honor.
           THE COURT:  Thank you.  So Mr. Halverson will give
 you your conformed copies, is there anything else we should
 take up together?
           MR. AYALA:  No, Your Honor, thank you.
           MS. KELLY-DYNEGA:  Thank you.
           THE COURT:  Thank you, we're adjourned, keep well.
               (Whereupon the matter is adjourned.)
```

```
 1                                                            10
 2                        C E R T I F I C A T E
 3
 4           I, Carole Ludwig, certify that the foregoing
 5   transcript of proceedings in the United States District
 6   Court, Southern District of New York, Obeid v. La Mack, et
 7   al., Docket #14-cv-6498, was prepared using digital
 8   transcription software and is a true and accurate record
 9   of the proceedings.
10
11
12
13
14   Signature_____
15
16   Date:   November 4, 2014
17
18
19
20
21
22
23
24
25
```