UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM T. OBEID, directly and derivatively on behalf of GEMINI REAL ESTATE ADVISORS LLC, et al., <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER LA MACK and DANTE MASSARO, <br><br> Defendants, <br><br> and <br><br> GEMINI REAL ESTATE ADVISORS LLC, et al., <br><br> Nominal Defendants. | Civ. Action No. 14-cv-06498-LTS |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
## OF HIS MOTION FOR LIMITED EXPEDITED DISCOVERY

**MEISTER SEELIG & FEIN LLP**
125 Park Avenue, 7th Floor
New York, New York 10017
Tel: (212) 655-3500

*Attorneys for Plaintiff William T. Obeid,
on his own behalf and derivatively on behalf
of Gemini Real Estate Advisors, LLC and
Gemini Equity Partners, LLC*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

I.   PRELIMINARY STATEMENT ................................................................................ 1

II.  ARGUMENT ............................................................................................................... 2

III. CONCLUSION ........................................................................................................... 5

## TABLE OF AUTHORITIES

Cases

*adMarketplace, Inc. v. Tee Support, Inc.*,
  No. 13 CIV. 5635 LGS, 2013 WL 4838854 (S.D.N.Y. Sept. 11, 2013) .................................. 3

*Ayyash v. Bank Al-Madina*,
  233 F.R.D. 325 (S.D.N.Y. 2005) ............................................................................................ 3

*Notaro v. Koch*,
  95 F.R.D. 403 (S.D.N.Y. 1982) .............................................................................................. 4

*Stern v. Cosby*,
  246 F.R.D. 453 (S.D.N.Y. 2007) ............................................................................................ 3

## I.  PRELIMINARY STATEMENT

Plaintiff William T. Obeid ("Obeid"), on his own behalf and derivatively on behalf of Gemini Real Estate Advisors, LLC ("GREA") and Gemini Equity Partners, LLC ("GEP" and together with GREA and their subsidiaries and affiliates, collectively "Gemini"), respectfully submits this Memorandum of Law in Support of his Motion for Limited Expedited Discovery.

Obeid respectfully directs the Court to the factual background sections contained in the memorandum of law in support of Obeid's motions for a temporary restraining order and preliminary injunction, for a recitation of the material facts in support of the instant motion.

This action represents an extreme case of minority member oppression within a closely-held family of limited liability companies ("Gemini").  After replacing Obeid as the managing member of the various Gemini entities, Defendants Christopher La Mack and Dante Massaro ("Individual Defendants"), abused their positions of control and have engaged in pervasive self-dealing to enrich themselves at Gemini's and Obeid's expense.

Upon taking control of Gemini, Individual Defendants have kept Obeid in the dark while they have looted and continue to loot Gemini for their own personal pecuniary interests. Defendants are destroying Obeid's reputation in the real estate industry and exposing him personally on multi-million dollar loan guarantees through their egregious acts of self-dealing. Individual Defendants' wrongful actions include transferring Gemini's valuable hospitality management contracts to a fledgling third party hotel manager, Bridgeton Holdings, LLC, run by former Gemini employee Atit Jariwala, and their ongoing efforts to "sell" Gemini's unfinished hotel development projects at fire-sale prices to third-party developer the Congress Group, with whom they have, upon information and belief, struck a side-deal to enrich themselves at Obeid's expense.

6712-001 Doc# 131

The breadth of the Individual Defendants' bad-faith conduct has only recently been discovered by Obeid, and is so egregious and dangerous to Gemini and Obeid on an ongoing basis, that they will suffering irreparable harm absent this Court's immediate intervention and issuance of a *status quo* TRO enjoining Individual Defendants from transferring, selling or disposing of Gemini's hotel projects pending further order of the Court – relief for which Obeid moves herewith.

Expedited discovery ahead of the evidentiary hearing on Obeid's Preliminary Injunction application will provide efficacy to the hearing and best inform the Court about the material facts, including the side deals made by Individual Defendants and the irreparable harm their conduct presents for Obeid and Gemini absent the issuance of an injunction.

For these reasons, Obeid (on behalf of himself and Gemini) hereby moves for limited expedited discovery ahead of an evidentiary hearing on Obeid's Preliminary Injunction application as follows: (a) targeted written document demands served by plaintiff on Individual Defendants concerning the matters for which Obeid seeks a preliminary injunction, with Individual Defendants to produce responsive documents within two weeks of service; and (b) within one month of entry of this Order, depositions of plaintiff Obeid; the Individual Defendants; Atit Jariwala, who controls Bridgeton Holdings, LLC; and a corporate representative of the Congress Group.

## II. <u>ARGUMENT</u>

Since Obeid has been kept in the dark concerning Defendants' actions, he requires expedited discovery in order to identify the full scope of Defendants' malfeasance, which threatens to cause him and Gemini irreparable harm absent this Court's issuance of an injunction. The taking of targeted expedited discovery ahead of an evidentiary hearing on Obeid's

Preliminary Injunction hearing will enable the Court to properly exercise its equitable powers since the Court can only do so once it knows the facts.

The Court has authority to govern the "Timing and Sequence of Discovery" pursuant to Fed. R. Civ. P. 26(d), including the granting of expedited discovery. *See Stern v. Cosby*, 246 F.R.D. 453, 457 (S.D.N.Y. 2007) ("absent agreement or one of the limited exceptions [to Fed. R. Civ. P. 26(d)], a party seeking expedited discovery must obtain leave of the court").

The Southern District uses two tests to determine whether to grant a request for expedited discovery. The "more recent[]," "more flexible standard" considers "reasonableness" and "good cause." *Stern*, 246 F.R.D. at 457 (granting expedited discovery sought by order to show cause where plaintiff also sought preliminary injunction because plaintiff had shown good cause for expedited discovery and his desire to proceed on an expedited basis was reasonable in light of all the circumstances.); *see also Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005) (granting plaintiff's ex parte motion for expedited third-party discovery from banks concerning assets defendants might have in New York where "plaintiff clearly has shown good cause for seeking expedited discovery"); *adMarketplace, Inc. v. Tee Support, Inc.*, No. 13 CIV. 5635 LGS, 2013 WL 4838854, at *2 (S.D.N.Y. Sept. 11, 2013) ("When considering whether to grant a motion for expedited discovery prior to the Federal Rules of Civil Procedure Rule 26(f) conference, courts apply a 'flexible standard of reasonableness and good cause.'").

District Courts have also employed a four-factor test that is similar to the one used in weighing a preliminary injunction, considering "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited

3

discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." *See Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982).

Obeid has established that he is entitled to expedited discovery under either test. He has established "reasonableness" and "good cause" for expedited discovery because he is currently in the dark over Individual Defendants' actions – particularly with respect to undisclosed side deals – and needs the limited expedited discovery in aid of his preliminary injunction application so he can demonstrate to the Court that Defendants have breached their fiduciary duties to such a degree that he and Gemini will suffer imminent harm absent an injunction. Moreover, his expedited discovery requests are limited in scope to five material depositions and some document demands in advance of the evidentiary hearing on Obeid's Preliminary Injunction application.

Furthermore, each of the four *Notaro* factors are established. Irreparable injury and likelihood of success on the merits are discussed in Part III(i) and (ii) of Obeid's memorandum of law in support of Obeid's motions for a temporary restraining order and preliminary injunction. The discovery sought will also help avoid irreparable injury because Individual Defendants – as well as representatives of Bridgeton and Congress Group – are in unique possession of information concerning the full scope and current status of their looting of Gemini's assets and because narrowly tailored discovery in a reasonable timeframe (seeking just five depositions and targeted document requests) results in no harm to the Individual Defendants, particularly when considered against the devastation to Obeid caused from continuing to operate in the dark.

4

### III. CONCLUSION

For these reasons, Obeid (on behalf of himself and Gemini) respectfully requests that this Court grant his motion for limited expedited discovery ahead of an evidentiary hearing on Obeid's Preliminary Injunction application as follows: (a) targeted written document demands served by plaintiff on Individual Defendants concerning the matters for which Obeid seeks a preliminary injunction, with Individual Defendants to produce responsive documents within two weeks of service; and (b) within one month of entry of this Order, depositions of plaintiff Obeid, the Individual Defendants, Atit Jariwala of Bridgeton Holdings, LLC, and a corporate representative of the Congress Group.

Dated: New York, New York
February 27, 2015

MEISTER SEELIG & FEIN LLP

By: _____
Stephen B. Meister, Esq.
Alexander D. Pencu, Esq.
Remy Stocks, Esq.
125 Park Avenue, 7th Floor
New York, New York 10017
Tel: (212) 655-3500

*Attorneys for Plaintiff William T. Obeid,*
*on his own behalf and derivatively on behalf of*
*Gemini Real Estate Advisors, LLC and Gemini*
*Equity Partners, LLC*