# EXHIBIT 23

## LIMITED GUARANTY

This LIMITED GUARANTY (the "Guaranty"), dated as of March 18, 2014, by WILLIAM T. OBEID, an individual with an address of 200 Park Avenue South, Suite 1305, New York, New York 10003 (the "Guarantor") in favor of EDGEWOOD MAC V LLC, a Delaware limited liability company, with an address of 132 Old Post Road, Southport, Connecticut 06890, together with its successors and assigns (the "Lender").

WHEREAS, 1775 JAMES AVENUE LLC, a Delaware limited liability company (the "Borrower"), has entered into a Loan Agreement dated the date hereof (as amended and in effect from time to time, the "Loan Agreement"), with the Lender, pursuant to which the Lender has agreed to make a loan in the original principal amount of up Ten Million and 00/100 Dollars $10,000,000 as evidenced by a Note of even date herewith in the original principal amount of Ten Million and 00/100 Dollars $10,000,000 (as amended, restated, replaced, supplemented or otherwise modified from time to time, the "Note"). Borrower has executed and delivered to Lender an Mortgage, Security Agreement and Assignment Rents and Leases of even date herewith (as amended, restated, replaced, supplemented or otherwise modified from time to time, the "Mortgage") to be recorded in the Public Records of Miami-Dade County, Florida, securing the indebtedness, liabilities and obligations of Borrower under or with respect to the Loan Agreement, the Note and all other Loan Documents;

WHEREAS, the Guarantor expects to receive substantial direct and indirect benefits from the extensions of credit to the Borrower by the Lender pursuant to the Loan Agreement and the Note (which benefits are hereby acknowledged);

WHEREAS, it is a condition precedent to the Lender's making any extensions of credit to the Borrower under the Note that the Guarantor execute and deliver to the Lender a limited guaranty in the form hereof;

WHEREAS, the Guarantor wishes to guaranty the Borrower's obligations to the Lender under or in respect of the Note as provided herein; and

NOW, THEREFORE, the Guarantor hereby agrees with the Lender as follows:

1. **Definitions.** The term "Obligations" shall mean all obligations of the Guarantor to the Lender, existing on the date of this Guaranty or hereafter arising, under or in respect of this Guaranty. All capitalized terms used herein without definition shall have the respective meanings provided therefor in the Loan Agreement.

2. **Guaranty.**

    (a) Recourse Carveouts. The Guarantor hereby guarantees to the Lender the full and punctual payment of, and indemnifies and holds harmless Lender from and against all liabilities, claims, suits, losses, actions, proceedings, obligations, debts damages, judgments, penalties, fines, charges, liens, awards, costs and expenses (including, without limitation, reasonable attorneys' fees) incurred or paid by Lender, whether directly or indirectly, by reason

of, on account of or in connection with: (i) fraud or material misrepresentation in connection with the obtaining of the Loan (whether by Borrower or Guarantor) or in the performance of the Borrower's obligations under the Loan Documents, including but not limited to any material misrepresentation or omission in any financial statement or tax return delivered to the Lender; (ii) failure by Borrower (or any manager, managing member or officer of Borrower) to apply any funds derived from the Property, including operating revenues, security deposits, insurance proceeds and condemnation awards, as required by the Loan Documents; (iii) collection of rents or other income from the Collateral, if any, more than thirty days in advance; (iv) misappropriation or misapplication of rents or other income derived from the Collateral; (v) Borrower's failure to turn over to Lender all tenant security deposits upon Lender's demand following an Event of Default; (vi) interference by Borrower with any foreclosure action commenced by Lender or with any other enforcement of Lender's rights, power or remedies under any of the Loan Documents during the continuance of an Event of Default; (vii) Borrower's failure to maintain insurance as required by the Loan Documents or to pay any taxes affecting the Property, except that Guarantor shall have no liability hereunder to the extent that Borrower's income from operations at the Property is insufficient to pay such premiums, taxes and debt service on the Loan; (viii) damage or destruction to the Property caused by the gross negligence or intentional acts or omissions of Borrower, its agents, employees, or contractors; (ix) the breach of any representation, warranty, covenant, or indemnification provision in the Environmental Compliance and Indemnification Agreement; (x) any brokerage commission or finder's fees of any party claiming by or through Borrower in connection with the transactions contemplated by the Loan Documents; (xi) Borrower incurring other debts or encumbrances in violation of any of the Loan Documents; or (xii) intentional removal or destruction of any Collateral (without the concurrent replacement thereof with property of at least equivalent value and utility) other than in connection with the future redevelopment of the Property as expressly consented to by Lender in writing, or any other physical waste of any portion of the Collateral.

    (b)  <u>Springing Recourse</u>. If any of the following occur: (i) any transfer, sale, assignment, pledge or encumbrance of all or any part of the Property or the membership or other direct or indirect ownership interests in the Borrower occurs in violation of the Loan Documents; (ii) the joining of the Borrower in an involuntary petition under the United States Bankruptcy Code or any other Federal or state bankruptcy or insolvency law and the same is not dismissed within ninety (90) days from the date of filing; or (iii) the Borrower's filing a voluntary petition under the United States Bankruptcy Code or any other Federal or state bankruptcy or insolvency law or making an assignment for the benefit of creditors, then the Guarantor hereby guarantees to the Lender the full and punctual payment when due (whether at stated maturity, by required pre-payment, by acceleration or otherwise), as well as the performance, of all indebtedness, obligations and liabilities of the Borrower to the Lender, existing on the date of this Guaranty or hereafter arising or incurred, under or in respect of the Loan Agreement, the Note, the Mortgage or the other Loan Documents or the loans made or to be made thereunder and all renewals, extensions, amendments, modifications, consolidations, and changes of, or substitutions or replacements for, all or any part of the foregoing, including all principal of and accrued interest on the Note, and including all such which would become due but for the operation of the automatic stay pursuant to §362(a) of the Federal Bankruptcy

{28317428;2}

Code and the operation of §§502(b) and 506(b) of the Federal Bankruptcy Code.

3. **Nature of Guaranty.** This Guaranty is an absolute, unconditional continuing guaranty of the full and punctual payment and performance of all of the Obligations and not of their collectibility only and is in no way conditioned upon any requirement that the Lender first attempt to collect any of the Borrower Obligations from the Borrower or resort to any collateral security or other means of obtaining payment. Should the conditions described in Sections 2(a) and 2(b) above occur, the obligations of the Guarantor hereunder with respect to the applicable Obligations shall become immediately due and payable to the Lender, without demand or notice of any nature, all of which are expressly waived by the Guarantor. Payments by the Guarantor hereunder may be required by the Lender on any number of occasions. As used herein, "<u>Borrower Obligations</u>" shall mean all indebtedness, obligations and liabilities of the Borrower to the Lender existing on the date of this Guaranty or thereafter arising or incurred (whether joint or several, actual or contingent, matured or unmatured, liquidated or unliquidated, secured or unsecured) under or in respect of the Note, the Mortgage, the Loan Agreement or the other Loan Documents or the loans made or to be made thereunder and all renewals, extensions, amendments, modifications, consolidations, and changes of, or substitutions or replacements for, all or any part of the foregoing, including all principal of and accrued interest on the Note.

4. **Guarantor's Agreement to Pay Enforcement Costs, etc.** The Guarantor further agrees, as the principal obligor and not as a guarantor only, to pay to the Lender, on demand, all costs and expenses (including court costs and legal expenses) incurred or expended by the Lender in connection with the Obligations, this Guaranty and the enforcement thereof, together with interest on amounts recoverable under this Section 4 (specifically excluding legal expenses) from the time when such amounts become due until payment, whether before or after judgment, at the rate of interest for overdue principal set forth in the Note, <u>provided</u> that if such interest exceeds the maximum amount permitted to be paid under applicable law, then such interest shall be reduced to such maximum permitted amount.

5. **Waivers by Guarantor; Lender's Freedom to Act.**

(a) Guarantor expressly waives, to the fullest extent permitted by applicable law, each and every defense which under principles of guaranty or suretyship would otherwise operate to impair or diminish the Guarantor's direct and primary liability and obligation to perform the Obligations if and when called upon to so do. Guarantor acknowledges and understands that nothing except the full and final performance of the Obligations and/or the Borrower Obligations shall release and discharge the Guarantor from the Obligations.

(b) Without limiting the generality of the foregoing, Guarantor agrees that the Lender may take any or all of the following actions without diminishing, impairing, limiting or abridging the Guarantor's obligations hereunder, and the Guarantor expressly waives any defense otherwise available to them arising out of any of the following actions taken by the Lender, whether with or without notice to, or consent by, the Guarantor: (i) the exchange, release, dissipation or surrender by the Lender of any collateral security, whether real or personal, held by the Lender to secure the liabilities and obligations of the Borrower under the Loan

{28317428;2}

Documents; (ii) the granting by the Lender of any waiver, release, or subordination, in whole or in part, of any security interest, mortgage, pledge, or other lien, whether in or against real or personal property, now or hereafter held by the Lender as collateral security for any liability or obligation of the Borrower under the Loan Documents; (iii) any release or discharge by the Lender of the Borrower, or any co-maker, accommodation party, surety or any other person or entity, including without limitation any other guarantor; (iv) any material or non-material renewal, extension, suspension of, enforcement, alteration, variance, amendment, waiver or modification of the terms of any of the Obligations, or in the manner, time or method of performance of the Obligations or of any instrument or agreement evidencing or relating to the Obligations; (v) the grant of indulgences, forbearances or compromises with respect to, and any settlement made with, the Borrower, or any co-maker, accommodation party, surety, or any other guarantor or with respect to the Obligations; (vi) the application of payments by the Borrower, or any co-maker, accommodation party, surety, the Guarantor, any other guarantor, or any other person or entity, or of the proceeds of collateral security granted to the Lender to secure the Obligations, to any of the Obligations or the application of any payments at the request of the Borrower under the Loan Documents to any other obligation of the Borrower to the Lender not guaranteed hereby, whether or not any such other obligation existed on the date of this Guaranty; (vii) any change in the time, place or manner of payment of any of the Obligations or any rescissions, waivers, compromise, refinancing, consolidation, amendments or modifications of any of the terms or provisions of the Loan Agreement, the Note, the other Loan Documents or any other agreement evidencing, securing or otherwise executed in connection with any of the Obligations or the Borrower Obligations; or (viii) any other act or omission which might in any manner or to any extent vary the risk of the Guarantor or otherwise operate as a release or discharge of the Guarantor, all of which may be done without notice to the Guarantor.

(c)     In addition, Guarantor further agrees that its liability hereunder shall be absolute and unconditional irrespective of, and shall not be diminished or impaired as a result of, and Guarantor expressly waives any defenses it may have arising out of or in any way related to: (i) any lack of validity or enforceability of any promissory note, letter of credit agreement, bill, draft, check, acceptance, overdraft or other instrument or evidence of any loan or grant, advance, discount, extension of credit, or financial accommodation now or hereafter evidencing any of the Obligations or liabilities to the Lender; (ii) any failure on the part of the Lender to perfect its security interest in or lien against, or any lack of diligence in connection with or failure to foreclose or realize upon, any real or personal property now or hereafter granted to the Lender as collateral security for Borrower's liabilities or obligations under the Loan Documents; (iii) the voluntary or involuntary discharge or release of Borrower, or any other guarantor, from their respective obligations to pay and perform any of the Obligations, whether by reason of bankruptcy, insolvency, or other laws affecting the rights of creditors generally or otherwise; (iv) the receipt by the Lender of any provisional, invalid or refundable payment if such payment is thereafter revoked or if such payment is returned by the Lender to or for the benefit of Borrower or any other guarantor or the creditors of either; (v) any right of set-off or counterclaim against the Lender which would otherwise impair the Lender's right against Guarantor or any other guarantor; (vi) any change in the composition, ownership or business of Borrower or any other guarantor; or (vii) the failure of the Lender to assert any claim or demand

{28317428;2}

or to enforce any right or remedy against the Borrower or any other entity or other person primarily or secondarily liable with respect to any of the Obligations. To the fullest extent permitted by law, the Guarantor hereby expressly waives any and all rights or defenses arising by reason of (A) any "one action" or "anti-deficiency" law which would otherwise prevent the Lender from bringing any action, including any claim for a deficiency, or exercising any other right or remedy (including any right of set-off), against the Guarantor before or after the Lender's commencement or completion of any foreclosure action, whether judicially, by exercise of power of sale or otherwise, or (B) any other law which in any other way would otherwise require any election of remedies by the Lender.

(d) Without limiting the generality of the foregoing agreements, consents and waivers by Guarantor, Guarantor expressly consents to, and agrees that the Obligations shall not be discharged by, and Guarantor waives any defenses that may result from, any of the following: (i) the release or discharge without express reservation of rights of any one or more parties liable with respect to the Obligations; (ii) the suspension of the right to enforce the Obligations with respect to any person; (iii) the change, exchange or release of any property in which the Lender has any interest securing the Obligations; (iv) the justifiable or unjustifiable impairment of any collateral security for the Obligations or the suspension of the right to enforce its rights against any collateral securing the Obligations; or (v) the calling for and accepting, at any time the Lender deems necessary or appropriate, as additional security, the signature or signatures or additional parties, or a security interest in property of any kind or description, or both.

(e) If the Obligations are also guaranteed by any other person or entity, whether by signing this Guaranty or by signing a separate guaranty agreement or by endorsement of any note of the Borrower or otherwise, the obligations of such other person or entity and Guarantor shall be joint and several, absolute and unconditional. This Guaranty is in addition to, and not in substitution for or in reduction of, any other guaranty by Guarantor or any other guarantor in favor of Lender. Any prior or subsequent endorsement or guaranty of any liability or obligation of Borrower to Lender shall not be deemed to be in lieu of, or to supersede, terminate or limit this Guaranty in any way unless otherwise expressly provided for herein.

6. **Obligations Against Borrower.** If for any reason the Borrower has no legal existence or is under no legal obligation to discharge any of the Borrower Obligations, or if any of the Borrower Obligations have become irrecoverable from the Borrower by reason of the Borrower's insolvency, bankruptcy or reorganization or by other operation of law or for any other reason, this Guaranty shall nevertheless be binding on the Guarantor to the same extent as if the Guarantor at all times had been the principal obligor on the Obligations subject to the limitations set forth in Section 2(a). In the event that acceleration of the time for payment of any of the Borrower Obligations is stayed upon the insolvency, bankruptcy or reorganization of the Borrower, or for any other reason, all such amounts that are Obligations hereunder and otherwise subject to acceleration under the terms of the Loan Agreement, the Note, the other Loan Documents or any other agreement evidencing, securing or otherwise executed in connection with any Obligation shall be immediately due and payable by the Guarantor subject to the limitations set forth in Section 2(a).

{28317428;2}

7. **Subrogation; Subordination.**

7.1. **Waiver of Rights Against Borrower.** Until the final payment and performance in full of all of the Obligations and Borrower Obligations to the Lender, the Guarantor shall not exercise any rights against the Borrower arising as a result of payment by the Guarantor hereunder, by way of subrogation, reimbursement, restitution, contribution or otherwise, and will not prove any claim in competition with the Lender in respect of any payment hereunder in any bankruptcy, insolvency or reorganization case or proceedings of any nature; the Guarantor will not claim any setoff, recoupment or counterclaim against the Borrower in respect of any liability of the Guarantor to the Borrower; and the Guarantor waives any benefit of and any right to participate in any collateral security which may be held by the Lender.

7.2. **Subordination.** The payment of any amounts due with respect to any indebtedness of the Borrower now or hereafter owed to the Guarantor is hereby subordinated to the prior payment in full of all of the Obligations and Borrower Obligations. The Guarantor agrees that, after the occurrence and during the continuance of an Event of Default in the payment or performance of any of the Borrower Obligations, the Guarantor will not demand, sue for or otherwise attempt to collect any such indebtedness of the Borrower to the Guarantor until all of the Borrower Obligations shall have been paid in full. If, notwithstanding the foregoing sentence, the Guarantor shall collect, enforce or receive any amounts in respect of such indebtedness, such amounts shall be collected, enforced and received by the Guarantor as trustee for the Lender and be paid over to the Lender on account of the Borrower Obligations without affecting in any manner the liability of the Guarantor under the other provisions of this Guaranty.

7.3. **Provisions Supplemental.** The provisions of this Section 7 shall be supplemental to and not in derogation of any rights and remedies of the Lender under any separate subordination agreement which the Lender may at any time and from time to time enter into with the Guarantor.

8. **Security; Setoff.** The Guarantor grants to the Lender, as security for the full and punctual payment and performance of all of the Obligations, a continuing lien on and security interest in all securities or other property belonging to the Guarantor now or hereafter held by the Lender. Regardless of the adequacy of any collateral security or other means of obtaining payment of any of the Obligations, the Lender is hereby authorized at any time and from time to time, without notice to the Guarantor (any such notice being expressly waived by the Guarantor) and to the fullest extent permitted by law, to set off and apply such deposits and other sums against the Obligations, whether or not the Lender shall have made any demand under this Guaranty.

9. **Representations, Warranties and Covenants.**

9.1. **Representations and Warranties.** The Guarantor represents and warrants to the Lender as follows:

(a) The execution, delivery and performance of this Guaranty and the

{28317428;2}

transactions contemplated hereby and thereby do not conflict with any agreement or instrument binding upon the Guarantor except where such conflict would not have a material adverse effect on the business, assets or financial condition of the Guarantor, considered as a whole.

(b) The execution and delivery of this Guaranty will result in valid and legally binding obligations of the Guarantor enforceable against it in accordance with the respective terms and provisions hereof except as enforceability is limited by bankruptcy, insolvency, reorganization, moratorium or other laws relating to or affecting generally the enforcement of creditors' rights and except to the extent that availability of the remedy of specific performance or injunctive relief is subject to general principles of equity or the discretion of the court before which any proceeding therefor may be brought.

(c) There has been furnished to the Lender the financial statement of the Guarantor, which fairly presents the financial condition of the Guarantor in all material respects as of the close of business on the date thereof. There are no contingent liabilities of the Guarantor as of such date involving material amounts, known to the Guarantor, which were not disclosed in such financial statement(s).

(d) Since the date of such financial statement(s), there has occurred no materially adverse change in the financial condition or business of the Guarantor as shown on or reflected in the financial statement(s) of the Guarantor as of such date other than changes in the ordinary course of business that have not had any materially adverse effect either individually or in the aggregate on the financial condition of the Guarantor, taken as a whole.

9.2. **Covenants.** The Guarantor hereby covenants to the Lender that, so long as any of the Obligations remain outstanding or this Guaranty remains in effect, the Guarantor:

(a) shall, on or before January 31st of each year for the fiscal year most recently ended, deliver to Lender drafts of the annual personal financial statements of Guarantor signed and certified by the Guarantor (the "Guarantor Statements") in the form previously submitted to Lender or other form reasonably acceptable to Lender, in either event prepared in accordance with customary tax accounting methods, with final versions of the Guarantor Statements furnished to Lender not later than thirty (30) days after the filing date of Guarantor's federal tax returns;

(b) shall, not later than 30 days after the filing date thereof (as such date may be extended in accordance with applicable law), deliver to the Lender copies of all federal tax returns filed by Guarantor, together with all supporting schedules;

(c) shall provide the Lender with such other reports and information as the Lender may reasonably require from time to time, all in such form and detail as the Lender may require; and

(d) shall do all such things and execute all such documents as the Lender may reasonably consider necessary or desirable to give full effect to this Guaranty and to perfect and preserve the rights and powers of the Lender hereunder.

{28317428;2}

The Guarantor acknowledges and confirms that the Guarantor itself has established its own adequate means of obtaining from the Borrower on a continuing basis all information desired by the Guarantor concerning the financial condition of the Borrower and that the Guarantor will look to the Borrower and not to the Lender in order for the Guarantor to keep adequately informed of changes in the Borrower's financial condition.

10. **Termination; Reinstatement.** This Guaranty shall remain in full force and effect, notwithstanding any intermediate or temporary payment or intermediate or temporary settlement of the whole or any part of the Obligations. This Guaranty shall continue to be effective or be reinstated if at any time any payment made or value received with respect to any Obligation or Borrower Obligation is rescinded or must otherwise be returned by the Lender upon the insolvency, bankruptcy or reorganization of the Borrower, or otherwise, all as though such payment had not been made or value received. Upon repayment of the Obligations or the Borrower Obligations in full in accordance with the Loan Documents, this Guaranty shall be deemed automatically extinguished, and the Lender will return the original Guaranty to the Guarantor; provided that in the event that the Obligations or Borrower Obligations are paid in full and the Lender is required to return any amount so repaid to the Borrower or otherwise pursuant to any court order due to any claim that the Lender is not entitled to retain such amount, Guarantor's liability hereunder shall remain in effect.

11. **Successors and Assigns.** This Guaranty shall be binding upon the Guarantor, its successors and assigns, and shall inure to the benefit of and be enforceable by the Lender and its successors, transferees and assigns. Lender may assign or otherwise transfer the Loan Agreement, the Note, the other Loan Documents or any other agreement or note held by it evidencing, securing or otherwise executed in connection with the Obligations, or sell participations in any interest therein, to any other entity or other person, and such other entity or other person shall thereupon become vested, to the extent set forth in the agreement evidencing such assignment, transfer or participation, with all the rights in respect thereof granted to the Lender herein. Lender shall provide written notice to Guarantor of any such assignment.

12. **Death of Guarantor.** In the event of the death of a Guarantor, the liability of Guarantor under this Guaranty shall continue in effect against Guarantor's estate, and the Lender shall be entitled to present a claim for such liability against such estate. Upon the death of a Guarantor, Lender shall receive notice of such death within thirty (30) days after such death and a substitute guarantor shall be appointed within sixty (60) days of the death of the Guarantor or prior to any distribution of assets to any devisee, heir, or other beneficiary, whichever is sooner.

13. **Amendments and Waivers.** No amendment or waiver of any provision of this Guaranty nor consent to any departure by the Guarantor therefrom shall be effective unless the same shall be in writing and signed by the Lender. No failure on the part of the Lender to exercise, and no delay in exercising, any right hereunder shall operate as a waiver thereof; nor shall any single or partial exercise of any right hereunder preclude any other or further exercise

{28317428;2}

thereof or the exercise of any other right.

14. **Notices.** All notices and other communications called for hereunder shall be made in writing and shall be addressed as follows: if to the Guarantor, at the address set forth in the first paragraph hereof, and if to the Lender, at the address for notices to the Lender set forth in the Loan Agreement, or at such address as either party may designate in writing to the other. All notices shall be sent in accordance with Section 14 of the Loan Agreement.

15. **Governing Law; Consent to Jurisdiction.** This Guaranty shall be governed by, and construed in accordance with, the laws of the State of Florida. The Guarantor agrees that any suit for the enforcement of this Guaranty may be brought in the courts of the State of Florida or any federal court sitting therein and consents to the nonexclusive jurisdiction of such court and to service of process in any such suit being made upon the Guarantor by mail at the address specified by reference in Section 14. The Guarantor hereby waives any objection that it may now or hereafter have to the venue of any such suit or any such court or that such suit was brought in an inconvenient court.

16. **Waiver of Jury Trial.** THE GUARANTOR HEREBY WAIVES ITS RIGHT TO A JURY TRIAL WITH RESPECT TO ANY ACTION OR CLAIM ARISING OUT OF ANY DISPUTE IN CONNECTION WITH THIS GUARANTY, ANY RIGHTS OR OBLIGATIONS HEREUNDER OR THE PERFORMANCE OF ANY OF SUCH RIGHTS OR OBLIGATIONS. Except as prohibited by law, the Guarantor hereby waives any right which it may have to claim or recover in any litigation referred to in the preceding sentence any special, exemplary, punitive or consequential damages or any damages other than, or in addition to, actual damages. The Guarantor (i) certifies that neither the Lender nor any representative, agent or attorney of the Lender has represented, expressly or otherwise, that the Lender would not, in the event of litigation, seek to enforce the foregoing waivers and (ii) acknowledges that, in entering into the Loan Documents to which the Lender is a party, the Lender is relying upon, among other things, the waivers and certifications contained in this Section 16.

17. **Miscellaneous.** This Guaranty constitutes the entire agreement of the Guarantor with respect to the matters set forth herein. The rights and remedies herein provided are cumulative and not exclusive of any remedies provided by law or any other agreement, and this Guaranty shall be in addition to any other guaranty of or collateral security for any of the Obligations. The invalidity or unenforceability of any one or more sections of this Guaranty shall not affect the validity or enforceability of its remaining provisions. Captions are for the ease of reference only and shall not affect the meaning of the relevant provisions. The meanings of all defined terms used in this Guaranty shall be equally applicable to the singular and plural forms of the terms defined.

*[Remainder of this page intentionally left blank; signature page follows]*

IN WITNESS WHEREOF, Guarantor, intending to be legally bound, has duly executed and delivered this Guaranty as of date first above written.

Witnesses:

_____
(signature of 1st witness)

_James Kot_
(printed name of 1st witness)

_____
(signature of 2nd witness)

_Robert Marcus_
(printed name of 2nd witness)

Guarantor:

_____
William T. Obeid, individually

STATE OF _New York_   )
                      ) SS:
COUNTY OF _New York_  )

The foregoing instrument was acknowledged before me this _14_ day of March, 2014, by William T. Obeid.

Personally Known ___✓___   OR Produced Identification ___✓___

Type of Identification Produced _driver's license_

_____
Print or Stamp Name: _Jenna Parker_
Notary Public, State of _____
Commission No.: _____
My Commission Expires: _____

JENNA PARKER
Notary Public, State of New York
NO.01PA6174708
Qualified in Queens County
Term Expires September 24, 2015