UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

WILLIAM T. OBEID, directly and
derivatively on behalf of GEMINI REAL
ESTATE ADVISORS LLC, et al.,

      Plaintiff,

  -v-                                            No. 14 CV 6498-LTS-HBP

CHRISTOPHER LA MACK, DANTE
MASSARO, GEMINI REAL ESTATE
ADVISORS L.L.C., BRIDGETON HOTEL
MANAGEMENT, LLC, ELEVATION REAL
ESTATE GROUP, LLC, BRIDGETON
ACQUISITIONS, LLC, ATIT JARIWALA,
and BRIDGETON HOLDINGS, LLC,

      Defendants.

-------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

      Before the Court is a motion by defendants Bridgeton Holdings, LLC, Bridgeton Hotel Management, LLC, Bridgeton Acquisitions, LLC, and Atit Jariwala (collectively, "Bridgeton") for reconsideration of the Court's March 15, 2019, Memorandum Order (the "Reconsideration Order"), 2019 WL 1227789, which, <u>inter alia</u>, vacated, in part, the Court's March 30, 2018, Opinion and Order ("the Summary Judgment Opinion"), 2018 WL 2059653 (S.D.N.Y. Mar. 30, 2018), which in turn had granted summary judgment dismissing plaintiff William Obeid's ("Plaintiff" or "Obeid") claim for breach of the fiduciary duty of loyalty in connection with the sale of several Gemini hotels and the abandonment of Gemini's hotel management business in favor of a management sub-contract with Bridgeton. (Docket Entry No. 829.) Upon vacating summary judgment dismissing Plaintiff's breach of loyalty claim against

Dante Massaro and Christopher La Mack (collectively, the "Individual Defendants"), the Court examined, for the first time, Plaintiff's secondary claim as to whether Bridgeton aided and abetted that breach. Reconsideration Order at *4. The Court found that Plaintiff raised material issues of fact with respect to the aiding and abetting claim and reinstated that claim as against Bridgeton. Id.

The Court has considered the submissions of both parties carefully and, for the following reasons, denies Bridgeton's motion.

Reconsideration pursuant to Local Civil Rule 6.3 is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citations and quotation marks omitted). Such a motion is not intended to be a vehicle for a party dissatisfied with a court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion, nor to secure a rehearing on the merits with regard to issues already decided. Griffin Indus., Inc. v. Petrojam, Ltd., 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999). The party moving for reconsideration bears the heavy burden of showing "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citations omitted). Ultimately, the decision as to whether to grant a motion for reconsideration is entrusted to the district court's sound discretion. See, e.g., Devlin v. Trans. Commcn's Int'l Union, 175 F.3d 121, 132 (2d Cir. 1999).

Bridgeton asserts that the Court's grant of reconsideration was in error because (1) it was granted based upon arguments by Plaintiff to which Bridgeton was given no opportunity to respond; (2) it relied upon unreasonable inferences in Plaintiff's favor; and (3) it

was based on a misapplication of law as to Plaintiff's aiding and abetting a breach of fiduciary duty claim.

The Court first turns to Bridgeton's argument that it was not given an opportunity to respond to Plaintiff's arguments and evidentiary proffers made in connection with the breach of the duty of loyalty claim. In granting reconsideration, the Court stated that

> Plaintiff's briefing [on the original summary judgment motion] was profoundly ineffective as a demonstration of Plaintiff's ability to sustain the duty of loyalty causes of action. These deficiencies led the Court to overlook inferences that could legitimately be drawn from the record. It was not until Plaintiff's motion for reconsideration and, in particular, his reply submission on that motion practice, that Plaintiff marshalled persuasively the proffered facts and argument into a clear presentation of the theory underlying his claims of fiduciary breaches.

Reconsideration Order at *3. The Court also stated that "reconsideration is thus warranted in the interest of justice because the Court overlooked factual proffers and legal argumentation supporting Plaintiff's theory of the case that, while obscured by Plaintiff's deficient presentation, were <u>nonetheless asserted in the original summary judgment motion practice</u>." <u>Id.</u> (emphasis added). Thus, the relevant factual proffers and legal argumentation were generally made, if obscured, during the initial summary judgment motion practice and in Plaintiff's initial briefing in support of his motion for reconsideration.[1] Even if Plaintiff's particular theories were not presented in a truly clear manner until his reply brief in support of his reconsideration motion, genuine issues of material fact existed that are not overcome by the arguments Bridgeton advances in its papers in support of its own motion for reconsideration, even under the more

---

[1] In particular, Plaintiff's argument that the timing of the attempts to sell Gemini assets at purportedly depressed prices was correlated with attempts by Bridgeton and the Individual Defendants to pursue joint development opportunities was present in recognizable form in Plaintiff's initial brief in support of his motion for reconsideration. (Docket Entry 714, at 6-7.)

liberal standard under which they would have been evaluated in connection with the underlying motion for summary judgment.

Bridgeton next argues that the Court relied upon an unreasonable inference to find a genuine issue of material fact as to whether Individual Defendants were transferring Gemini assets to Bridgeton on unusually favorable terms in pursuit of a joint venture. See Eyuboglu v. Gravity Media, LLC, No. 16 CV 6362-LTS, 2018 WL 4680986, at *6 (S.D.N.Y. Sept. 28, 2018) (granting summary judgment dismissing a claim requiring the factfinder to draw an unreasonable inference). Bridgeton contends that a reasonable factfinder could not conclude that the Individual Defendants would have disposed of Gemini's assets for below market value, which would have injured them financially as Gemini members, for the mere opportunity to develop projects with Bridgeton that might not, and in fact did not, come to fruition. A reasonable trier of fact could conclude based on the record that the Individual Defendants desired to continue Gemini's hotel management business for their own benefit, excluding Obeid, with whom they had developed an unworkably acrimonious relationship, even if success in the development of future hotel business was not assured. See Aronson v. Lewis, 473 A.2d 805, 812 (Del. 1984) (stating that the duty of loyalty is breached when controlling directors "appear on both sides of a transaction [or] expect to derive any personal financial benefit from [the transaction] in the sense of self-dealing, as opposed to a benefit which devolves upon the corporation or all stockholders generally"). Reconsideration is therefore denied as to this aspect of Bridgeton's motion.

Bridgeton also argues that the Court misapplied New York law, in the Reconsideration Order, by denying summary judgment as to the aiding and abetting claim against it. Specifically, Bridgeton contends that the Court misapprehended the requirement that a defendant must have actual knowledge of a breach of fiduciary duty to support an aiding and

abetting claim.  See Lerner v. Fleet Bank, N.A., 459 F.3d 273, 294 (2d Cir. 2006).  Bridgeton contends that it simply acted as a willing counterparty and that evidence of the Individual Defendants' alleged breaches simply demonstrated that there were red flags, which are, at best, indicative of only constructive knowledge.  See Briarpatch Ltd., L.P. v. Geisler Roberdeau, Inc., No. 99 CIV. 9623 (RWS), 2007 WL 1040809, at *22 (S.D.N.Y. Apr. 4, 2007), aff'd sub nom. Briarpatch Ltd. LP v. Phoenix Pictures, Inc., 312 F. App'x 433 (2d Cir. 2009) (stating that constructive notice will not support a claim of aiding and abetting a breach of fiduciary duty).  While it is true that Plaintiff has adduced no direct evidence of Bridgeton's knowledge, Plaintiff has proffered sufficient circumstantial evidence that Bridgeton actually was aware of the Individual Defendants' alleged fiduciary breach, rather than just the potential unfairness of the proposed and executed deals.  As explained in the Reconsideration Order, Bridgeton's agreement to make joint development bids with the Individual Defendants while Bridgeton had knowledge of Individual Defendants' dispute with Obeid and their persistent efforts to steer the sale of Gemini assets to Bridgeton at purportedly unusually low prices, including the hotel management business that could aid in such endeavors, in addition to Bridgeton's communications with the Individual Defendants by private channels, would permit a rational trier of fact to conclude that Bridgeton had actual knowledge of the breach.  Accordingly, Bridgeton's motion for reconsideration is denied as to the aiding and abetting claim.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is denied.

Docket Entry No. 829 is resolved.

The Final Pretrial Conference is currently scheduled for **October 25, 2019**, at **10:30 a.m.**  The stay of deadlines for pretrial submissions is hereby lifted and the parties are directed to comply with the consultation and submission requirements set forth in the Amended Pretrial Scheduling Order (Docket Entry No. 319), as amended, in advance of the conference. The parties are encouraged to try to settle the remaining claims.

SO ORDERED.

Dated: New York, New York
May 22, 2019

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge